# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN MURRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-37-R |
| ) | |
| HECTOR RIOS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined, and for the reasons set forth herein, it is recommended that the action be **DISMISSED** on filing as untimely.

By this action, Petitioner challenges his convictions for first-degree murder and conspiracy to commit a felony with a firearm; he was convicted following a jury trial and was sentenced to life in prison and to ten years' imprisonment, respectively, to be served concurrently. Petition, 2. Case No. CF-2004-5063, District Court of Oklahoma County (June 1, 2006). *Id.* Petitioner waived his right to a direct appeal. Petition, 3, 6.

On December 22, 2011, Petitioner filed an application for leave to file an appeal out of time. Petition, 4. His application was denied on February 6, 2012, and Petitioner did not appeal. *Id.* On August 5, 2013, Petitioner filed an application for state post-

conviction relief alleging ineffective assistance of counsel. Petition, 4. His application was denied on September 5, 2013, and the denial was affirmed on October 31, 2013. Case No. PC-2013-919, Oklahoma Court of Criminal Appeals. Petition, 6, 7. Petitioner raises one ground for federal habeas relief. He claims that counsel coerced him to waive his right to a direct appeal in order to avoid receiving the death penalty, and so that waiver was involuntary. Petition, 6.

## SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue *sua sponte*, the district court must " assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan.

31, 2007). Finally, a Court may dismiss a § 2254 habeas petition *sua sponte* only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the Petition and the materials attached thereto shows that it is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of;

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which

the conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

In his answer to the form petition's request for information regarding challenges to a conviction that became final more than a year earlier, Petitioner asks for statutory or equitable tolling on grounds that he did not know he could attack his conviction despite the signed waiver of direct appeal. Petition, 14. These questions will be addressed below, but the undersigned finds that Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) apply to the petition, so its timeliness will be evaluated from the date Petitioner's conviction became final by the expiration of time for seeking direct review. Because Petitioner did not file a direct appeal from his conviction, his conviction was final on June 11, 2006—which was the expiration of the time for seeking such an appeal. Okla. Stat. tit. 22, Ch. 18 App. Rule 2.1(B) (filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal). Thus, the one-year limitation began to run on June 12, 2006, and expired on June 12, 2007. *See Pfeil v. Everett,* No. 01–8003, 9 Fed. Appx. 973, 977 (10th Cir. June 6, 2001) (when the petitioner did not file an appeal, "the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final"); *Haws v. Jorgensen,* No. 05–4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) (the one year period of limitations commenced the next day after conviction became final). The Petition herein was filed on January 10, 2014, over

thirteen years after the limitations period expired. *See* Petition, 1. Thus, under § 2244(d)(1)(A) this action is untimely absent statutory or equitable tolling.

## STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Although Petitioner filed two applications for state collateral relief (one seeking leave to file an appeal out of time, and one seeking post-conviction relief), he is not entitled to tolling of the one-year period of limitation for either because both were filed after the AEDPA limitations period had already expired. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, unless equitable tolling is applicable, the instant petition is nonetheless untimely.

## EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v. Bravo*, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978).

Petitioner's excuse for his late filing is basically "an ignorance of the law claim," in that Petitioner apparently believed that his waiver of direct appeal precluded him from seeking *any* type of relief from his conviction. It is well-established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). The undersigned finds this to be true in the instant action. The Petition shows that Petitioner waited over five years to seek leave to appeal out of time (the denial of which he did even appeal) and his subsequent application for state post-conviction relief. Thus, Petitioner's own allegations show that he has not acted diligently in pursuing his state collateral and federal habeas claims.

Finally, the undersigned has considered whether Petitioner's allegations in support of his request for equitable tolling raise any question as to his actual innocence. The undersigned finds that they do not. Petitioner alleges that he was taking medication at the time he was sentenced, but could not remember the names of the medications. Petition, [ECF No. 1:6]. He goes on to allege that counsel found that to be

6

irrelevant and still urged him to waive appeal. *Id.* He also complains that at one place on the Certification of Appeal Rights by Trial Counsel, counsel failed to circle "He" on the part of the form that includes the phrase "HE/SHE. *Id.*; ECF No. 1-2:4. However, Petitioner concedes that "HIS" is circled earlier in the phrase "HIS/HER." *Id.* He appears to claim that his trial counsel rendered ineffective assistance in these two respects. These arguments involve legal rather than factual innocence, and are thus insufficient to equitably toll the limitations period. *Hickmon v. Mahaffey,* No. 01–5073, 28 Fed. Appx. 856, 858 n. 1 (10th Cir. Nov. 29, 2001) (finding petitioner's allegations regarding trial errors argue only "legal innocence," which does not justify equitable tolling of the limitations period in 28 U.S.C. § 2244(d)); *see also Bousley v. United States,* 523 U.S. 614, 623 (1998) ("It is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency."). Petitioner has neither diligently pursued his claims nor alleged or presented any evidence to meet the actual innocence exception. Accordingly, equitable tolling is not appropriate here.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be **DISMISSED** as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 17, 2014** in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal

7

questions contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

**This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.**

**ENTERED** on January 31, 2014.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE