# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

NATHAN MURRAY, )
)
       Petitioner, )
)
v. ) Case No. CIV-14-37-R
)
HECTOR RIOS, )
)
       Respondent. )

## ORDER

Before the Court is the Report and Recommendation entered by United States Magistrate Judge Shon Erwin. Doc. No. 6. Petitioner Nathan Murray has timely filed his objections to this Report and Recommendation. Doc. No. 7. Upon de novo review of the record, the Court agrees with the Report and Recommendation, and Petitioner's case is hereby DISMISSED.

Petitioner is seeking habeas relief from an Oklahoma state court conviction pursuant to 28 U.S.C. § 2254. In 2006, Petitioner was convicted of first-degree murder and conspiracy to commit a felony with a firearm. Petitioner received a sentence of life in prison for the murder conviction, and he also received a concurrent sentence of ten years in prison for the conspiracy conviction. Moreover, Petitioner waived his right to appeal these convictions. On December 22, 2011, Petitioner then filed an application for leave to file an appeal out of time, but this application was denied. On August 5, 2013, Petitioner filed an application for state post-conviction relief, and this was denied on September 5, 2013. Further, the denial of this application was affirmed by the Oklahoma Court of

Criminal Appeals on October 31, 2013. Petitioner then filed this habeas petition on January 10, 2014.

Magistrate Judge Erwin has recommended that this petition be dismissed as untimely, and the Court agrees. "[A] person in custody pursuant to the judgment of a state court has one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254."[1] *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (citing 28 U.S.C. § 2244(d)(1)(A)). Petitioner was sentenced by the Oklahoma state court on June 1, 2006, meaning his judgment and sentence became final on June 11, 2006. *See* Okla. Crim. App. Rule 2.5, Okla. Stat. tit. 22, Ch. 18, App. It follows that this habeas petition, filed January 10, 2014, is clearly untimely.[2]

Moreover, the Court agrees that statutory tolling cannot apply in this case, because Petitioner did not file his applications for post-conviction relief in state court until after the one-year AEDPA limitations period had already expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that there is no statutory tolling available for time spent in state post-conviction proceedings if the relief is not sought until after the one-year AEDPA limitations period has expired).

Finally, the Court agrees that equitable tolling also cannot apply in this case. Petitioner states in his petition that he did not know he could seek any post-conviction relief after he waived his rights to a direct appeal in state court, and Petitioner blames this

---

[1] 28 U.S.C. § 2244(d)(1) provides alternatives with regard to when the statute of limitations begins to run. Because Petitioner has not alleged any facts implicating any of these alternatives, the general rule as set forth above applies to this case.

[2] The Report and Recommendation incorrectly states that this habeas petition was filed "over thirteen years after the limitations period expired." Doc. No. 6, at 4-5. However, as this petition was filed over six years after the limitations period expired, the ultimate conclusion in the Report and Recommendation that this petition is untimely is still correct.

faulty belief on the advice of his state court counsel. Magistrate Judge Erwin summarized this argument in his Report and Recommendation as an "ignorance of the law claim," explaining that this does not justify equitable tolling. Petitioner objects to this, asserting that "[t]o construe the totality of petitioner(s) extraordinary circumstance(s) as 'an ignorance of the law' claim . . . is completely/wholly unconstitutional in itself." Doc. No. 7, at 1. Petitioner's objections proceed to make a policy argument concerning the justness of the AEDPA limitations period, arguing that "[i]f the legislature(s) truly wanted to balance the scale(s) of the poor[,] they could easily cure these issue(s) by amending such statute(s) to include appointed counsel for (all) Federal Appeal(s) . . . and simply abolish the (AEDPA)." Doc. No. 7, at 2.

Equitable tolling of AEDPA's one-year statute of limitations "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). And "[i]n order for an attorney's mistake to entitle the petitioner to equitable tolling, it must rise to the level of 'egregious misconduct'; normal attorney negligence is insufficient." *Allen v. Clements*, 467 F. App'x 784, 786 (10th Cir. 2012) (citing *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007)).

After a careful review of the record, Petitioner has not demonstrated anything extraordinary about his failure to file this habeas petition before the one-year limitations period expired. Although the advice he allegedly received from his state court counsel could be construed as negligent, it in no way rises to the level of "egregious misconduct." Moreover, Petitioner has not even attempted to demonstrate that he has diligently pursued his claims. The Court also agrees with Magistrate Judge Erwin's assessment that Petitioner's allegations do not raise any question as to his actual innocence. Thus, equitable tolling cannot be applied in this case. Finally, the Court notes that Petitioner's policy arguments against AEDPA's one-year statute of limitations fall short, as it is not the Court's job to write the law, but rather to interpret and apply it. And in applying the law to this case, the Court must dismiss this habeas petition as untimely.

Accordingly, the Court ADOPTS the Report and Recommendation. Petitioner's habeas petition is clearly untimely, and it is therefore DISMISSED.

IT IS SO ORDERED this 27th day of March, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE